## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Prometheus Global Media, LLC and Billboard IP Holdings, LLC, | Civil Action No. 1:19-cv-3256 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| John Davis, Steve Stewart, Rodney J. Tucciarone, Brian Connolly, and John Golden, all doing business as Billboard Live Band, and One or More John/Jane Doe(s), | |
| Defendants. | |

## COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, CYBERSQUATTING AND COUNTERFEITING

Prometheus Global Media, LLC and Billboard IP Holdings, LLC (hereinafter "Plaintiffs"), bring this action against John Davis, Steve Stewart, Rodney J. Tucciarone, Brian Connolly, and John Golden, all doing business as "Billboard Live Band," and one or more John/Jane Doe(s) (collectively, "Defendants" or "The Band"), and complain and allege as follows:

### PARTIES

1.      Plaintiff Prometheus Global Media, LLC is a Delaware Limited Liability Company having a place of business at 340 Madison Avenue, New York, New York 10173.

2.      Plaintiff Billboard IP Holdings, LLC is a Delaware Limited Liability Company having a place of business at 340 Madison Avenue, New York, New York 10173.  Plaintiff Billboard IP Holdings, LLC is a subsidiary of Plaintiff Prometheus Global Media, LLC. Billboard IP Holdings, LLC holds title to Plaintiffs' BILLBOARD registrations.

3.      Plaintiffs are in the business of providing goods and services in the field of music and music-related entertainment, including its famous BILLBOARD music charts and music awards, **entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events**, and providing information, websites, social media, editorial content, publications, charts, audio cassettes, clothing, and other related goods and services in the field of music and music-related entertainment.

4.      Upon information and belief, Defendant John Davis is a United States citizen, residing at 169 Tamarack Street, Islip, NY 11751 and is a member who owns and controls The Band doing business as Billboard Live Band. A screenshot from the Defendants' website at http://www.billboardliveband.com/about-the-band/ is attached hereto as Exhibit D, showing Defendant John Davis as a principal member of The Band. Upon information and belief, The Band regularly provides live music and performances at various venues and establishments in Long Island, New York. A screenshot from Defendants' Facebook page at https://www.facebook.com/pg/Billboard70/events/?ref=page_internal is attached hereto as Exhibit A, showing Defendants' current and past performance venues throughout Long Island, NY.

5.      Upon information and belief, Defendant Steve Stewart is a United States citizen, residing at 558 Bayport Avenue, Bayport, NY 11705 and is a member who owns and controls The Band doing business as Billboard Live Band.  *See* Exhibit D.

6.      Upon information and belief, Defendant Rodney James Tucciarone is a United States citizen, residing at 35 Blair Drive, Coram, NY 11727 and is a member who owns and controls The Band doing business as Billboard Live Band. *See* Exhibit D.

7.      Upon information and belief, Defendant Brian Connolly is a United States citizen, residing at 143 Bluespruce Road, Levittown, NY 11756 and is a member who owns and controls The Band doing business as Billboard Live Band. *See* Exhibit D.

8.      Upon information and belief, Defendant John Golden is a United States citizen, whose primary residence address is unknown and is a member who owns and controls The Band doing business as Billboard Live Band. *See* Exhibit D.

9.      Upon information and belief, one or more John/Jane Doe(s) are venues in Long Island, New York that host performances by The Band and display The Band's signage and other materials that use Plaintiffs' BILLBOARD and BILLBOARD LIVE marks and logo in violation of Plaintiffs' rights.

## JURISDICTION AND VENUE

10.      This is a civil action arising under the trademark laws of the United States, Title 15, United States Code, Sections 1114 and 1125.

11.      This action also arises under New York State law and alleges common law trademark infringement and unfair competition.

12.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1338, and 1367(a) because this Complaint raises federal questions under the Lanham Act, and it involves State causes of action, including claims of statutory and common-law trademark infringement, dilution, unfair competition, unfair trade practices, cybersquatting, and counterfeiting.

13.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 over the Lanham Act claims because the action alleges, *inter alia,* violations of federal statutes. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state law

claims because they assert a claim of unfair competition joined with a substantial and related claim under the trademark laws, 28 U.S.C. § 1338(b) and are so related to the federal cause of action that they form the same case or controversy, 28 U.S.C. § 1367.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims raised in the lawsuit occurred in this judicial district, Defendants conduct business in this district, Defendants' actions have injured Plaintiffs are in this judicial district , and Defendants are subject to jurisdiction in this district.

15.     Upon information and belief, this Court has jurisdiction over each and every one of the Defendants because Defendants committed acts of trademark infringement and unfair competition in this district, causing injury to Plaintiffs in this state and district. Upon information and belief, Defendants are authorized to do business in this district, maintain offices in this district, regularly transact business and have purposely targeted their activities in this state and district,  advertise and sell the services at issue through advertisements and promotions, conduct business at multiple venues in Long Island, NY, including Shirley, Hampton Bays, Bablyon, Wantagh, Patchogue, Bellmore, Riverhead, Amityville, Bay Shore, Lido Beach, New York (see the attached Exhibit A), and provide an online website and social media sites via the Internet to New York residents and New York entities.  In addition, Defendants have purposely directed their actions to unlawfully trade off on Plaintiffs' BILLBOARD marks and used the marks for the promotion, advertising and endorsement of their own band services and to dilute and tarnish Plaintiffs' BILLBOARD marks in violation of both the Lanham Act and the New York State trademark and unfair competition laws.

16.     Defendants have purposely availed themselves to this state and this district at least because they have promoted the band services under the name Billboard Live Band to consumers and persons in this state and district.

## **BACKGROUND**

17.     Plaintiffs use and own a large number of BILLBOARD and BILLBOARD LIVE trademarks and service marks (hereinafter "BILLBOARD Family of Marks") in the field of music, music-related entertainment and live performances, and music-related goods, including its famous music charts and music awards, entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, providing information, websites, social media, content, software applications, publications, charts, audio cassettes, clothing, and other related goods and services in the field of music and music-related entertainment.

18.    Some of the BILLBOARD Family of Marks include:

- BILLBOARD LIVE (stylized), Registration No. 2,290,642, issued November 2, 1999, for providing entertainment services in the nature of providing live music;

- BILLBOARD, Registration No. 4,211,680, issued September 18, 2012, for a wide range of goods and services including entertainment services in the nature of providing live musical performances;

- BILLBOARD, Registration No. 4,090,682 issued January 24, 2012 for a wide range of goods and services including nightclub entertain events, entertainment services in the nature of live musical performances, website services, etc.,

- BILLBOARD MUSICE AWARDS, Registration No. 3023506, issued December 6, 2005 for an annual awards program;

- BILLBOARD LIVE, Registration No. 2,319,617, issued February 15, 2000, for clothing;

- BILLBOARD.COM, Registration No. 2,202,505, issued November 10, 1998, for providing information in the field of music and music-related entertainment by means of a multi-user global computer information network;

- BILLBOARD BULLETIN, Registration No. 2,160,124, issued May 26, 1998, for news reports about the music and entertainment industry;

- BILLBOARD, Registration No. 1,528,168, issued March 7, 1989, for magazines about the music and entertainment industry, posters, sound recordings, popularity charts, and video charts;

- BILLBOARD, Registration No. 2,082,353, issued July 22, 1997, for clothing, namely, T-shirts, polo shirts, shorts, jackets, wind resistant jackets, sweat pants, sweat shirts, caps, head bands, wrist bands, sun visors, hats, and scarves;

- BILLBOARD 200, Registration No. 1,704,965, issued August 4, 1992, for sound recording popularity charts issued periodically;

- BILLBOARD, Registration No. 4974233 for downloadable music and videos and entertainment services;

- BILLBOARD, Registration No. 986949 for sound recording popularity charts issued June 25, 1974;

- BILLBOARD, Registration No. 606753 for periodicals issued May 31, 1955;

- BILLBOARD, Registration No. 3475206 for advertising, marketing and promotional services issued July 29, 2008;

as well as many other trademarks and service marks and common-law rights. Copies of the above-mentioned trademark registrations are attached hereto as Exhibit B.

19. Plaintiffs have registered and maintain websites at the Domain Names BILLBOARDLIVE.COM created March 16, 2007, BILLBOARD.COM created November 7, 1996 and BILLBOARD.BIZ created March 27, 2002, through which it provides information in the field of music and music-related entertainment by means of a multi-user global computer information network and promotes its BILLBOARD Family of Marks and its goods and services within the music-related entertainment field.

20.     Plaintiffs have extensively employed, advertised, and publicized the BILLBOARD Family of Marks to identify its services and goods domestically and internationally.  As a result of such advertising and expenditures, Plaintiffs have established the BILLBOARD Family of Marks, and, in particular, the marks BILLBOARD and BILLBOARD LIVE as famous and strong marks.

21.     The BILLBOARD and BILLBOARD LIVE marks have become widely known and recognized throughout the United States and worldwide as a symbol of high-quality services and goods in the entertainment industry through various media, including the Internet.

## DEFENDANTS' ACTIVITIES

22.     On information and belief, on or around March 2014, Defendants began operating a band under the name BILLBOARD LIVE BAND as a tribute band performing throughout Long Island, New York.

23.     On information and belief, Defendants registered the domain BILLBOARDLIVEBAND.COM on or about August 28, 2014 and have been advertising The Band's services for performing live music, providing live music, musical performances, live show performances and entertainment events, on the website under the name BILLBOARD LIVE BAND since then.  A screenshot of the domain history with screenshots of the web pages is attached hereto as Exhibit C.

24.     On information and belief, on or about March 2014, Defendants began advertising The Band services, namely, entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, under the name BILLBOARD LIVE BAND on social media sites, such as Facebook, Twitter and Instagram.  Screenshots of Defendants' social media sites are attached hereto as Exhibit D.

25.     On information and belief, since about March 2014, Defendants applied the name BILLBOARD LIVE to signage at venues.  Photos of Defendants' BILLBOARD LIVE signage are attached hereto as Exhibit E.

26.     On information and belief, Defendants distribute or sell merchandise, such as T-shirts and other promotional items, bearing Plaintiffs' BILLBOARD and BILLBOARD LIVE marks and logo.

27.     On information and belief, at the time Defendants decided to use the BILLBOARD LIVE mark, they also copied Plaintiffs' logo, which is shown in Exhibit F attached hereto.  Screenshots and photographs of Defendants' website, social media and signage showing Defendants' BILLBOARD logo are included at Exhibits D and E.

28.     On information and belief, at the time Defendants decided to use the BILLBOARD LIVE mark and BILLBOARD logo, they were aware of Plaintiffs' BILLBOARD Family of Marks and the federal registrations therefor and Plaintiffs' BILLBOARD logo, and willfully intended to trade on Plaintiffs' reputation, to cause confusion with Plaintiffs' BILLBOARD Family of Marks, and to cause dilution of Plaintiffs' famous marks.

29.     On information and belief, Defendants John Davis, Steve Stewart, Rodney J. Tucciarone, Brian Connolly and John Golden, individually, have caused and directed the actions alleged in paragraphs 20-28.

30.     On information and belief, Defendants plan to continue using the names BILLBOARD and BILLBOARD LIVE, and the BILLBOARD logo to advertise The Band's services, namely, entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, on signage at the venues and in

print advertisements. *See* screenshot from Defendants' Facebook page listing upcoming show events, attached hereto as Exhibit G.

31.     On information and belief, Defendants have plans to continue using the domain name BILLBOARDLIVEBAND.COM in connection with The Band's services in the field of music and music-related entertainment including providing live music, musical performance, live show performances and entertainment events.

32.     On information and belief, Defendants have plans to continue using the name BILLBOARD LIVE to advertise The Band's services, namely, entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, on social media sites such as Facebook, Twitter and Instagram. *See* Exhibit G.

33.     On information and belief, Defendants John Davis, Steve Stewart, Rodney James Tucciarone, Brian Connolly and John Golden, individually, will continue to cause and direct the actions alleged in paragraphs 29-32.

34.     Defendants' activities are likely to cause confusion, mistake or deception among the public and are likely to lead the public to erroneously conclude that the goods and services offered by Defendants originate with, and/or are sponsored by, and/or are authorized by Plaintiffs to the damage and harm of Plaintiffs and the public.

35.     Defendants' activities are likely to and have caused irreparable injury to Plaintiffs' reputation and goodwill.

36.     Defendants' continued activities cause dilution of the distinctive quality of the Plaintiffs' BILLBOARD Family of Marks and will cause further irreparable harm to Plaintiffs, their business reputation, and goodwill for which Plaintiffs have no adequate remedy at law.

37.     Plaintiffs became aware of Defendants and their unauthorized use of Plaintiffs' BILLBOARD and BILLBOARD LIVE marks and logo around February 2019.  Plaintiffs have notified Defendants of their rights in the BILLBOARD Family of Marks and have requested that Defendants immediately cease their infringing activities by letters and emails sent on or around March 21, 2019, April 8, 2019, April 26, 2019, May 7, 2019, May 10, 2019, and May 14, 2019. Copies of the correspondence are attached hereto as Exhibit H.  Counsel for Defendants, Gregory Gulia, responded to the cease and desist letter and acknowledged Plaintiffs' rights in their BILLBOARD Family of Marks. *See* Exhibit H. Notwithstanding the notifications provided by Plaintiffs, Defendants have continued to use the BILLBOARD and BILLBOARD LIVE marks in violation of Plaintiffs' rights.

### *Count One – Trademark And Service Mark* *Infringement Under Section 32 of The Lanham Act*

38.     Plaintiffs re-allege the allegations contained in Paragraphs 1-34 as if fully set forth herein.

39.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114 (1)(a), prohibits the use in commerce, without the consent of the registrant, of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

40.     By the acts described above, Defendants' use of Plaintiffs' BILLBOARD and BILLBOARD LIVE marks, and their use and registration of the domain name BILLBOARDLIVEBAND.COM in connection with the sale, offering for sale, distribution and advertising of goods and services which are identical or confusingly similar to those offered by

Plaintiffs constitute willful infringement of Plaintiffs' federally registered BILLBOARD Family of Marks in violation of Section 32(1)(a) of the Lanham Act.

41.     By the acts described above, Defendants' registration and use of the domain name BILLBOARDLIVEBAND.COM, and their use of the trademarks BILLBOARD and BILLBOARD LIVE have caused, and are likely to cause confusion as to the source, sponsorship, or origin of the goods and/or services offered under the trademarks and the domain name. Among other things, the  BILLBOARDLIVEBAND.COM domain name confuses Internet users searching for ownership information, and misleads users who are searching for Plaintiffs' site, but are lured to Defendants' site.  The domain name hinders Plaintiffs' own ability to offer its services in commerce over the Internet.  Defendants' registration and use of the domain name BILLBOARDLIVEBAND.COM, and their use of the trademarks BILLBOARD and BILLBOARD LIVE thus infringes the federally registered BILLBOARD Family of Marks in violation of Section 32(1)(a) of the Lanham Act.

42.     Plaintiffs have suffered and will continue to suffer irreparable harm as a result of such infringement of their BILLBOARD Family of Marks.

### *Count Two – False Designation of Origin and Unfair Competition*

43.     Plaintiffs re-allege all allegations contained in Paragraphs 1-39 as if fully set forth herein.

44.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that

Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another

person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is not likely to be damaged by such act.

45.     Defendants' use of the trademarks BILLBOARD and BILLBOARD LIVE, trade name BILLBOARD LIVE BAND and Domain Name BILLBOARDLIVEBAND.COM, and Facebook page, www.Facebook.com/BillboardLiveBand, constitute statutory unfair competition under Section 43(a) of the Lanham Act. Defendants' unauthorized use, in interstate commerce, of the BILLBOARD and BILLBOARD LIVE marks in connection with goods and services that are identical to those offered by Plaintiffs, but are, in fact, not offered by Plaintiffs, or otherwise affiliated with, endorsed by, or sponsored by Plaintiffs, constitute a false designation of origin that is likely to cause confusion, mistake, or deception as to the affiliation or connection of The Band, trade name, website, domain name and social media sites with Plaintiffs. All such acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     Plaintiffs have suffered and will continue to suffer irreparable harm as a result of such false designation of origin.

## *Count Three – Dilution*

47.     Plaintiffs re-allege the allegations contained in Paragraphs 1-43 as if fully set forth herein.

48.     The BILLBOARD Family of Marks have become famous and distinctive throughout the United States and throughout the world through Plaintiffs' continuous and exclusive use of the marks in connection with Plaintiffs' services and goods.

49.     Because Plaintiffs' services and goods have gained a reputation for superior quality and excellence, the BILLBOARD Family of Marks, which are always used in connection

with Plaintiffs' services and goods in the music-related industry, are renown and have gained substantial fame and good will in the United States and throughout the world.

50.     Defendants' use of BILLBOARD and BILLBOARD LIVE as a trademark and domain name has caused and continues to cause irreparable injury to and dilution of the BILLBOARD Family of Marks' distinctive quality in violation of Plaintiffs' rights under 15 U.S.C. § 1125(c).  Defendants' use of BILLBOARD and BILLBOARD LIVE dilutes, blurs, tarnishes, and whittles away the distinctiveness of Plaintiffs' BILLBOARD Family of Marks. Defendants' use of BILLBOARD and BILLBOARD LIVE further misappropriates the goodwill of the BILLBOARD Family of Marks.

51.     As a direct and proximate result, Plaintiffs have suffered and continue to suffer irreparable harm to their valuable BILLBOARD Family of Marks.  Unless (1) the BILLBOARD and BILLBOARD LIVE names are removed from all signage and advertising, (2) the domain name  BILLBOARDLIVEBAND.COM  is  transferred  and/or  forfeited  to  Plaintiffs,  (3) Defendants'  social  media  accounts  are  removed,  and  (4)  Defendants  are  prohibited  from otherwise using Plaintiffs' BILLBOARD and BILLBOARD LIVE marks and logo, Plaintiffs will continue to be irreparably harmed.

52.     Plaintiffs have no adequate remedy at law that will compensate it for the continued and irreparable harm they will suffer if the signage, advertising, and social media accounts are not removed, and if the Domain Name is not transferred and/or forfeited to Plaintiff.

### *Count Four – Common Law Trademark Infringement and Unfair Competition*

53.     Plaintiffs re-allege the allegations contained in Paragraphs 1-49 as if fully set forth herein.

54.     The foregoing acts of Defendants constitute trademark and service mark infringement and unfair competition in violation of the common law of New York.

55.     In addition to the Federal Registrations owned by Plaintiffs, as set forth above, Plaintiffs' BILLBOARD® and BILLBOARD LIVE® marks enjoy common law rights in New York and throughout the United States.  These rights are senior and superior to any rights which Defendants may claim.

56.     Defendants' use of BILLBOARD and BILLBOARD LIVE marks was intentionally designed to mimic Plaintiffs' marks so as to cause confusion regarding the source of Defendants' goods and services in that purchasers thereof will be likely to associate or have associated such goods and services with, as with originating with, or as approved by Plaintiffs, all to the detriment of Plaintiffs.

57.     Defendants' infringement will continue unless enjoined by the Court.

58.     Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating Plaintiffs' trademark rights, Plaintiffs will need to conduct a corrective advertising campaign to alleviate existing and ongoing future confusion in the marketplace, in an amount to be determined.

59.     Defendants' acts complained herein amount to a bad faith misappropriation of the labor, skill, expenditures and proprietary property of Plaintiffs.

60.     Defendants have *inter alia* used a confusingly similar brand, copied Plaintiffs' trademarks and service marks and logo and passed it off as their own.

61.     At all times relevant to the Complaint, Defendants' conduct was intentional and purposely directed at Plaintiffs.

62.     Such conduct was done in bad faith and amounts to unfair actions by Defendants.

### *Claim Five - Injury to Business Reputation, Dilution Under NY Gen. Bus. Law. §360-L*

63.     Plaintiffs re-allege the allegations contained in Paragraphs 1-59 as if fully set forth herein.

64.     The BILLBOARD Family of Marks have become famous and distinctive in New York through Plaintiffs' continuous and exclusive use of the marks in connection with Plaintiffs' services and goods.

65.     Because Plaintiffs' goods and services have gained a reputation for excellence, the BILLBOARD Family of Marks, which have always been used in connection with Plaintiffs' goods and services defined above, have gained substantial fame, renown, and goodwill in New York.

66.     Defendants' use of the BILLBOARD and BILLBOARD LIVE marks has caused and continues to cause irreparable injury to Plaintiffs' business reputation and dilution of Plaintiffs' BILLBOARD Family of Marks' distinctive quality in violation of NY Gen. Bus. Law §360-L.  Defendants' use of BILLBOARD and/or BILLBOARD LIVE dilutes and tarnishes the distinctiveness of Plaintiffs' BILLBOARD Family of Marks.

67.     As a direct and proximate result, Plaintiffs have suffered and continue to suffer irreparable harm to their valuable BILLBOARD Family of Marks.  Unless the BILLBOARD and BILLBOARD LIVE names are removed from all signage, advertising, websites, social media content, and marketing materials, Plaintiffs will continue to be irreparably harmed.

68.     Plaintiffs have no adequate remedy at law that will compensate them for the continued and irreparable harm they will suffer if the signage, advertising, websites, social media content, and marketing materials are not removed.

### *Count Six – Anti-cybersquatting Under Section 43(d) Of The Lanham Act*

69.     Plaintiffs re-allege all allegations contained in Paragraphs 1-65 as if fully set forth herein.

70.     Section 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A), provides that:

A person shall be liable in a civil action by the owner of a mark, including a personal name, which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person-

…(ii) registers, traffics in, or uses a domain name that  (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or (III) is a trademark, word, or name protected by reason of section 706 of title 18, United States Code, or section 220506 of title 36.

71.     The domain name BILLBOARDLIVEBAND.COM was registered on August 28, 2014 via ENOM.COM long after Plaintiffs adopted their BILLBOARD Family of Marks, and long after these marks became distinctive and famous. *See* domain history records for BILLBOARDLIVEBAND.COM at Exhibit C.

72.     The domain name BILLBOARDLIVEBAND.COM is confusingly similar to and dilutive of the BILLBOARD Family of Marks.

73.     The registration by Defendants of the domain name BILLBOARDLIVEBAND.COM, which is identical and confusingly similar with Plaintiffs' BILLBOARD Family of Marks, is a violation of Section 43(d)(1)(A) of the Lanham Act.

74.     Upon information and belief, in registering the domain name, Defendants have acted with a bad faith intent to profit from the widely recognized and distinctive BILLBOARD Family of Marks and the good will associated therewith.

75.     Defendants' registration and/or use of the domain name BILLBOARDLIVEBAND.COM constitutes acts of cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### *Count Seven – Counterfeiting Under Section 32(1)(a) Of The Lanham Act*

76.     Plaintiffs re-allege all allegations contained in Paragraphs 1-72 as if fully set forth herein.

77.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(a), prohibits the use in commerce, without the consent of the registrant, of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods of services on or in connection with which such use is likely to cause confusion, or to cause a mistake, or to deceive.

78.     Through the acts described above, Defendants are selling merchandise with the BILLBOARD logo and selling "counterfeits" of the federally-registered BILLBOARD Family of Marks, within the meaning of Subsection 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B), Section 45 of the Lanham Act, 15 U.S.C. § 1127, and in a manner that violates Section 32(I)(a) of the Lanham Act.   Defendants have been using Plaintiffs' registered trademarks without consent or authorization from Plaintiffs for use in any manner at any time.

### *DEMAND FOR JURY TRIAL*

79.  Plaintiffs demand a trial by jury on all claims and issues so triable.

### *PRAYERS FOR RELIEF*

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants as follows:

1.      Defendants and their officers, members, managers, affiliates, agents, employees, servants, representatives, and all persons acting under or in concert with them be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from using the marks BILLBOARD and BILLBOARD LIVE, and any other mark, word or name confusingly similar to, phonetically equivalent to, or including the marks BILLBOARD and BILLBOARD LIVE, anywhere, including, but not limited to, signage, advertisements, domain names, internet, social media, trade name, and LLC name, from and from otherwise competing unfairly with Plaintiffs in any manner;

2.      The BILLBOARDLIVEBAND.COM Domain Name be preliminarily and permanently transferred to Plaintiffs and/or forfeited by Defendants;

3.      Defendants be required to account and pay to Plaintiffs all profits derived by them, individually and/or jointly, as a result of the activities complained of herein;

4.      Defendants be required to pay to Plaintiffs damages sustained as a result of the activities complained of herein, including, but not limited to, damages  as provided by 15 U.S.C. §1117;

5.      Defendants be required to pay increased damages due to their willful infringement;

6.      Defendants be required to pay punitive damages;

7.      Defendants be required to pay both pre-judgement and post-judgement interest on each and every damage award;

7.      Defendants be required to pay costs, disbursements and attorneys' fees; and

8.      For such other and further relief as this Court deems just and proper.

Respectfully submitted,


May 31, 2019                          /s/ Tatyana Voloshchuk
                                     Tatyana Voloshchuk (TV0131)
                                     St. Onge Steward Johnston & Reens LLC
                                     986 Bedford Street
                                     Stamford, Connecticut  06905-5619
                                     Telephone: (203) 324-6155
                                     Facsimile: (203) 327-1096
                                     Email:
                                             tvoloshchuk@ssjr.com
                                             litigation@ssjr.com

                                     OF COUNSEL

                                     Gene S. Winter
                                     St. Onge Steward Johnston & Reens LLC
                                     986 Bedford Street
                                     Stamford, Connecticut  06905-5619
                                     Telephone: (203) 324-6155
                                     Facsimile: (203) 327-1096
                                     Email: gwinter@ssjr.com


                                     ATTORNEYS FOR PLAINTIFFS